**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

OCEAN WALK RESORT
CONDOMINIMUM ASSOCIATION,
INC.; and ASPEN SPECIALTY
INSURANCE COMPANY,

           Plaintiffs,

v.                                            Case No. 6:16-cv-273-Orl-37GJK

FIRE & LIFE SAFETY AMERICA, INC.,

           Defendant.

## DRAFT ORDER

This cause is before the Court on the following:

1. Defendant's, Fire & Life Safety America, Inc., Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. 15), filed March 10, 2016;

2. Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 18), filed March 24, 2016; and

3. Affidavit of Margaret L. Morbitzer in Support of Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 19), filed March 24, 2016.

Upon consideration, the Court finds that the Motion is due to be denied.

## BACKGROUND

Plaintiffs—Ocean Walk Resort Condominium Association, Inc. ("**Ocean Walk**") and Aspen Specialty Insurance Company—initiated the instant negligence action against Defendant in connection with flooding that occurred at condominium property in Daytona Beach, Florida, on December 3, 2014. (Doc. 1.) Citing a forum-selection clause in a

purported agreement between itself and Ocean Walk, Defendant moves to dismiss the action for improper venue. (Doc. 15.) Alternatively, Defendant seeks to transfer venue. (*Id.*) In response, Ocean Walk contends that the purported agreement and its forum-selection clause are unenforceable because it never assented to or executed the purported agreement. (Doc. 18.) The matter is ripe for the Court's determination.

## STANDARDS

"Forum selection clauses are enforceable in federal courts." *P & S Bus. Machs., Inc. v. Cannon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). "The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general." *Id.*

To prove the existence of a contract under Florida law, a party must establish the following elements: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *See Kolodziej v. Mason*, 774 F.3d 736, 740 (11th Cir. 2014). Also crucial to the Court's analysis is the existence of mutual assent—the objective manifestation of the parties' agreement to the contract terms. *See id.* at 740–41. Indeed, "mutual assent is a prerequisite for the formation of any contract." *Id.* at 741 (citing *Gibson v. Courtois*, 539 So. 2d 459, 460 (Fla. 1989)). "Absent mutual assent, neither the contract nor any of its provisions come into existence." *Florida v. Family Bank of Hallandale*, 623 So. 2d 474, 480 (Fla. 1993).

## DISCUSSION

Defendant's Motion is wholly premised on its contention that Ocean Walk entered into, and was party to, an inspection services agreement containing forum-selection clause. (Doc. 15, ¶¶ 1–2.) As evidence of such an agreement, Defendant attached a

written proposal for inspection services to its Motion. (Doc. 15-1 ("**Proposal**").) Defendant maintains that the Proposal is "a true and accurate copy of the [i]nspection [s]ervices [a]greement." (Doc. 15, p. 2, n.1.)

Ocean Walk asserts that it never signed, initialed, or executed the Proposal, nor did it otherwise agree to the terms of the Proposal or perform any action indicating its assent to such terms. (Doc. 18, ¶¶ 9, 11–12.) Additionally, Ocean Walk submitted an affidavit from its community association manager, who represents that Ocean Walk never assented to the terms of the Proposal. (Doc. 19.)

While the Proposal indeed contains a mandatory forum-selection clause (Doc. 15-1, p. 5), the Proposal itself is unexecuted (*see id.* at 5, 9). As Defendant's Motion is devoid of any other showing of mutual assent, the Court finds that Defendant has failed to establish the existence of an enforceable contract. Consequently, the forum-selection clause contained in the Proposal is unenforceable.

Moreover, the events underlying the instant action occurred in Volusia County (*see* Doc. 1, ¶¶ 6–19), which is encompassed by the Orlando division of the U.S. District Court for the Middle District of Florida, Local Rule 1.02(b)(3). As such, venue properly lies within this District pursuant to 28 U.S.C. § 1391(b)(2). In the absence of an enforceable forum-selection clause, Plaintiffs' choice of forum controls. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."). Defendant's Motion is, therefore, due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's, Fire &

Life Safety America, Inc., Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. 15) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 28, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record