IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| OCEAN WALK RESORT CONDOMINIUM ASSOCIATION, INC., a Florida Corporation, and ASPEN SPECIALTY INSURANCE COMPANY, a North Dakota Corporation, as subrogee of OCEAN WALK CONDOMINIUM ASSOCIATION, INC.<br><br>　　　　Plaintiffs,<br>v.<br><br>FIRE & LIFE SAFETY AMERICA, INC., a Virginia corporation<br><br>　　　　Defendant | Case No.: 6:16-cv-273-ACC-GJK |

# DEFENDANT, FIRE & LIFE SAFETY AMERICA, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, FIRE & LIFE SAFETY AMERICA, INC.'S ("FLSA"), by and through the undersigned counsel, and hereby files their Answer to Plaintiffs' Complaint and Jury Demand, and would state as follows:

## JURISDICTION

1. Admitted that diversity jurisdiction exists and Plaintiff alleges that the amount in controversy is in excess of $75,000.00. Denied that the Defendant are liability for any damages.

2. Admitted that defendant does business in this district. Denied that venue is proper.

3. FLSA is without knowledge as to the allegations of paragraph 3, and demands strict proof thereof.

4. FLSA is without knowledge as to the allegations of paragraph 4, and demands strict proof thereof.

5. Admitted .

## GENERAL ALLEGATIONS

6. Admitted that on February 15, 2011, FLSA provided annual and quarterly inspections to the South Tower. Denied that on February 15, 2011 FLSA began to provide service, repairs and maintenance to the South Tower. Denied as phrased regarding "inspections, service, repairs and maintenance were to be performed pursuant to all applicable codes and standards, including but not limited to NFPA 25."

7. Denied as phrased.

8. FLSA is without knowledge as to the allegations of paragraph 8, and demands strict proof thereof.

9. Denied.

10. Admitted that FLSA performed inspection and functional testing on the South Tower. Further admitted that there was no note regarding the coupling on the 13th floor. Without knowledge as it relates to the terms "any deficiencies" which Plaintiff is referring in the inspections.

11. Admitted that on May 29, 2014 FLSA performed services limited to those noted on job number 254787 and on October 31, 2014 FLSA performed services limited to those noted on job number 277450; otherwise denied as phrased.

12. Without knowledge and therefore denied.

13. Admitted that FLSA was called out after the subject incident and replaced a coupling.

14. FLSA is without knowledge as to the allegations of paragraph 14, and demands strict proof thereof.

15. FLSA is without knowledge as to the allegations of paragraph 15, and demands strict proof thereof.

16. FLSA is without knowledge as to the allegations of paragraph 16, and demands strict proof thereof.

## COUNT I- NEGLIGENCE

17. Defendant restates and reavers the responses to paragraph 1 through 16 as if fully set forth herein.

18. Denied as phrased.

19. Denied, including all subparts.

20. Denied

## COUNT II- PROFESSIONAL NEGLIGENCE

21. Defendant restates and reavers the responses to paragraph 1 through 16 as if fully set forth herein.

22. Admitted that FLSA's employees were certified as required. The remainder of paragraph 22 is denied as phrased.

23. Admitted

24. Admitted that FLSA's employees were certified as required and in accordance with the applicable codes. The remainder of paragraph 24 is denied as phrased.

25. Denied, including all subparts.

26. Denied.

## AFFIRMATIVE DEFENSES

27. As its first affirmative defense, the Defendant would state that the Complaint fails to state a cause of action for which relief can be granted.

28. As its second affirmative defense, the Defendant would state that this Court lacks subject matter jurisdiction.

29. As an additional affirmative defense, the Defendant would state that a valid and enforceable contract exists between the parties and governs this dispute.

29. As an additional affirmative defense, the Defendant states that the incident was caused in whole or in part by the comparative fault or negligence of Plaintiff, Ocean Walk Resort Condominium Association, Inc. Therefore, the recovery of Ocean Walk, if any, must be reduced by the percentage of comparative fault attributed to their negligence.

30. As an additional affirmative defense, the Defendant would state that venue is proper in the Commonwealth of Virginia based upon the terms and conditions of the work order between FLSA and Ocean Walk.

31. As an additional affirmative defense, the Defendant would state that venue in the Middle District of Florida is improper based upon the terms and conditions of the work orders between FLSA and Ocean Walk.

32. As an additional affirmative defense, the Defendant states that the incident was caused in whole, or in part, by third parties, including Morbitzer Properties, Wyndham Vacation Ownership, Wyndham Worldwide, and other as yet unidentified third parties. These third parties should be listed on the verdict form as *Fabre* Defendants for the determination of negligence and the apportionment of fault.

33. As an additional affirmative defense, the Defendant states that Plaintiff, Ocean Walk Condominium Association, failed to act reasonably under the circumstances and therefore Plaintiff's claim is barred based upon the theory of contributory negligence.

34. As an additional affirmative defense, the Defendant states that this lawsuit should be resolved by arbitration in accordance with the rules of the American Arbitration Association as stated in the work order.

35. As an additional affirmative defense, the Defendant states that Ocean Walk failed to mitigate damages.

36. As an additional affirmative defense, the Defendant states that Ocean Walk materially breached the Inspection Service Proposal of February 15, 2011, by bringing the action outside the Commonwealth of Virginia.

37. As an additional affirmative defense, the Defendant states that Ocean Walk's damages are limited as stated in the proposal, agreement and/or work order for inspection services.

38. As an additional affirmative defense, the Defendant states that Ocean Walk's damages are limited as stated in February 15, 2011, Inspection Services Proposal.

39. As an additional affirmative defense, the Defendant states that Ocean Walk is required to indemnify FLSA pursuant to the proposal, agreement and/or work order between the parties, including attorneys fees and costs of defense.

40. As an additional affirmative defense, the Defendant states that its liability is limited as stated in the work orders for inspection services.

41. As an additional affirmative defense, the Defendant states that its liability is limited as stated in February 15, 2011, Inspection Services Proposal.

42. As an additional affirmative defense FLSA states that it made no representations or warranties, express or implied, as to any matter whatsoever, including without limitation the adequacy, performance, or condition of the inspected fire and life safety equipment, its merchantability or its fitness for any particular purpose.

43. As an additional affirmative defense, Defendant states that FLSA is entitled to attorneys' fees.

44. As an additional affirmative defense, Defendant states the the loss was a result of a superseding, intervening cause.

45. As an additional affirmative defense, Defendant states that Ocean Walk is bound by the hold harmless language in the proposal, agreement and/or work order between the parties.

46. As an additional affirmative defense, Defendant would state that any damages or losses are a result of Ocean Walk's negligent maintenance and failure to maintain its premises.

47. As an additional affirmative defense, Defendant would state that Ocean Walk failed to perform its duties as imposed by NFPA 25, and applicable statutes, rules, and adminstrative codes.

48. As an additional affirmative defense, Defendant would state that the doctrine of betterment applies.

49. The Defendant reserves the right to amend this Answer and Affirmative Defenses based upon the completion of further discovery.

**The remainder of this page has been left intentionally blank**

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on April11th, 2016, I presented the foregoing to the parties listed below and will affect service of the foregoing according to the Federal Rules of Civil Procedure: Peter C. Vilmos, Esq. and Baya W. Harrison, Esq., Burr & Forman LLP 200 S. Orange Avenue, Suite 800, Orlando, FL 32801, pvilmoss@burr.com; nwmosley@burr.com; bharrison@burr.com; jmorgan@burr.com; Robert E. Wilens, Esq., Clausen Miller, P.C., 10 S. La Salle Street, Chicago, IL 60603-1098, rwilens@clausen.com, Attorneys for Plaintiffs Ocean Walk Condominium Association, Inc., and Aspen Specialty Insurance Company;.

By: _____
Deborah J. Bergin, Esq.
Florida Bar. No.: 175846
Sebastian C. Mejia, Esq.
Florida Bar No.: 117540
KUBICKI DRAPER, P.A.
201 S. Orange Avenue, Suite 475
Orlando, Florida 32801
Telephone:   (407) 419-3816
Facsimile:   (407) 245-7685
Email:  DJB-KD@kubickidraper.com;
       scm@kubickidraper.com
Attorneys for Defendant, Fire & Life Safety America, Inc.